UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JIHAD SHARRIEFF,

          Petitioner,

        v.

STEPHEN D'ILIO, et al.,

          Respondents.

Civil Action No. 14-3840 (JLL)

**MEMORANDUM ORDER**

The Court having reviewed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3), and it appearing that:

1. On June 16, 2014, Petitioner filed the instant petition for a writ of habeas corpus. (ECF No. 1).

2. On October 16, 2014, this Court administratively terminated the petition for failure to file on the correct form. (ECF No. 4).

3. On April 14, 2015, Petitioner refiled his petition on the correct form, and both paid the filing fee and applied for *in forma pauperis* status. (ECF No. 5-7).

4. This Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

5. In most cases, including this one, the one year statute of limitations applicable to petitions brought under § 2254 begins to run on the "date on which the judgment became final by

1

the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015).

6. Petitioner was resentenced on December 7, 2009. (ECF No. 1 at 2). Petitioner appealed his resentencing to the New Jersey Appellate Division, which affirmed the sentence on September 9, 2011.[1] (ECF No. 5 at 3, 14). Petitioner did not file for certification to the New Jersey Supreme Court, and his conviction therefore became final for the purposes of the statute of limitations when the time for filing for certification ran on September 29, 2011. *See* N.J. Court R. 2:12-3 (notice of petition for certification must be filed within 20 days of appellate division entry of judgment).

7. The statute of limitations period can be tolled by the filing of a valid state court post-conviction relief ("PCR") application. *Figueroa*, 2015 WL 1403829 at *2. The statute of limitations is not tolled, however, by a PCR application which has been filed untimely. *See* 28 U.S.C. § 2244(d)(1)-(2) (only a "properly filed" PCR application tolls the statute of limitations); *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ("an untimely [PCR] petition would not be deemed 'properly filed'"); *Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003) (untimely filed PCR petition does not toll AEDPA statute of limitations).

8. Here, Petitioner argues that his petition is timely as he filed a PCR application on March 10, 2010, for which certification was not denied by the New Jersey Supreme Court until February 4, 2014. *See State v. Sharrieff*, 2013 WL 2172764 (App. Div. May 21, 2013), *certif. denied*, 217

---

[1] Petitioner provides the date of the affirmance as both September 2, 2011, and September 9, 2011. (ECF No. 5 at 3, 14). For the sake of this Order, the Court gives Petitioner the benefit of the later date. The result would not change if the September 2 date were correct, however.

2

N.J. 285 (2014). (ECF No. 5 at 14-16). Both the state trial court and the New Jersey Appellate Division, however, found that Petitioner's PCR application had been untimely filed and was thus procedurally barred. *Id.* at *1, *3 (Petitioner's "PCR petition . . . is well out of time . . . [Petitioner's] argument that his late filing is excusable is without merit"). As Petitioner's PCR application was untimely filed, it did not toll the running of the statute of limitations, and Petitioner therefore filed his current petition approximately eighteen months after the statute had run. *Pace*, 544 U.S. at 413; *Merritt*, 326 F.3d at 165-66. As the statute of limitations was not statutorily tolled, and this Court perceives no basis for equitable tolling, the petition must be dismissed as time barred.

IT IS THEREFORE on this __11__ day of May, 2015,

ORDERED that the Clerk of the Court shall RE-OPEN this case; and it is further

ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5) is DISMISSED as time barred, Petitioner is permitted, however, to file an amended petition within thirty (30) days of this Order raising any basis for equitable tolling which may apply; and it is further

ORDERED that Petitioner's application to proceed *in forma pauperis* (ECF No. 7) is DENIED as moot; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail and shall CLOSE the file.

_____
Jose L. Linares, U.S.D.J.